**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re:<br>**JOSEPH P. KENNEDY,**<br>　　　　　　　　　　**Debtor.** | **Chapter 13 Bankruptcy**<br><br>**Bankruptcy No. 18-16107-MDC** |

**ORDER APPROVING SALE OF REAL ESTATE**

　　　　AND NOW, this _____ day of _____, 2023, upon consideration of the Debtor's Motion to Sell Real Estate ("Motion"), and after notice and opportunity for hearing,

　　　　IT IS HEREBY ORDERED that:

　　1.　　Debtor has satisfied this Court that the proposed sale is to a good faith purchaser for a fair and reasonable consideration that is in the best interests of the bankruptcy estate and that the Debtor is therefore authorized to sell the real property owned by the Debtor located at 3 Whisper Lane, Chester County, Pennsylvania 19335 to Thomas A. Larrapino III for the sum of $2,150,000.00 in accordance with the terms of the Agreement of Sale attached to the Motion as Exhibit "A."

　　2.　　At settlement, distributions shall be made as follows:

　　　a.　All real estate taxes and other obligations owed by Movant that are a lien on the Premises pursuant to the law of the Commonwealth of Pennsylvania or any of its political subdivisions or agencies including, but not limited to, any validly filed mortgages, tax liens, municipal liens, or other liens;

　　　b.　The usual and customary costs of settlement paid by sellers pertaining to the transfer of residential real estate in Chester County, Pennsylvania, including but not limited to the realty transfer tax, if any;

　　　c.　A sum of $15,000.00 paid to Kenneth E. West, Chapter 13 Trustee, PO Box 1799, Memphis, TN 38101-1799;

　　　d.　The balance of proceeds owing to the Debtor shall be distributed as follows: jointly payable to Joseph A. Rasener and Lisa Ferrie-Kennedy.

　　3.　　The Debtor shall submit a copy of the HUD-1 Settlement Statement to the Chapter 13 Trustee within 10 days of the date of settlement on the Premises.

　　4.　　Should more than sixty (60) days pass from the date of the entry of the instant Order without settlement, the authorization extended by the instant Order shall expire and settlement shall no longer be authorized by the Court. Debtor shall be required to file a new Motion seeking authorization to sell with updated terms of sale. Partial settlements or payoffs will not constitute "settlement" for the purpose of the instant Order. All lienholders must receive the full amounts of described by their respective payoff statements in order for "settlement" to occur.

　　5.　　Regarding mortgage lien serviced by Specialized Loan Servicing LLC ("SLS"):

    a. SLS shall provide to the settlement agent an accurate and timely payoff for their mortgage interest within 24 (twenty-four) hours following the entry of the instant Order.

    b. The mortgage lien serviced by SLS shall be paid in full in accordance with the payoff provided by SLS; the payoff provided by SLS and used by the settlement agent to determine the amount of the payoff shall be a timely payoff statement.  Should the provided payoff statement be found to not be timely or should it be found to have expired prior to settlement, the settlement agent shall be responsible for requesting an accurate, timely payoff statement.

    c. No settlement shall be permitted to occur unless the mortgage lien serviced by SLS is paid in full at closing pursuant to a timely payoff statement provided by SLS.

6. Regarding mortgage lien(s) in favor of Wells Fargo ("Creditor"):

    a. Settlement agent shall obtain current payoff quotes from Creditor to ensure the full amount of Creditor's liens are paid.  Settlement agent shall contact Creditor the day of closing to ensure the payoff amounts are valid and correct.

    b. Settlement agent shall request a payoff from Creditor no sooner than seven (7) days prior to settlement.

    c. Sale shall not close unless Creditor receives the full payoff amount for its lien.

    d. Provided the above terms are met, the sale may occur at any time.

    e. Payoff funds shall be received by Creditor no more than sixty (60) from the date the order is entered.

7. The settlement agent shall insure that a proper and timely payoff quotes are used to determine the full and final amount due to the mortgage creditors.

IT IS FURTHER ORDERED that the stay provide by F.R.B.P. 6004(h) shall be inapplicable to this Order.

**DATE:** _____                   **BY THE COURT:**

**Magdeline D. Coleman, Chief Judge**
**United States Bankruptcy Court**