United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 18-16107-mdc |
| Joseph P. Kennedy | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Aug 02, 2023 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 04, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Joseph P. Kennedy, 3 Whisper Lane, Malvern, PA 19355-8608 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Aug 04, 2023 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 2, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ALYK L OFLAZIAN | on behalf of Creditor WELLS FARGO BANK N.A. amps@manleydeas.com |
| BRIAN CRAIG NICHOLAS | on behalf of Creditor Toyota Lease Trust bnicholas@kmllawgroup.com bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| KERI P EBECK | on behalf of Creditor Specialized Loan Servicing  LLC, as servicer for Bear Stearns ARM Trust 2005-9, Mortgage-Backed Notes, Series 2005-9, U.S. Bank National Association, as Indenture Trustee kebeck@bernsteinlaw.com, jbluemle@bernsteinlaw.com;kebeck@ecf.courtdrive.com |
| KERI P EBECK | on behalf of Creditor Specialized Loan Servicing  LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE4, Mortgage Pass-Through Certificates, Series 2006- |

District/off: 0313-2 | User: admin | Page 2 of 2

Date Rcvd: Aug 02, 2023 | Form ID: pdf900 | Total Noticed: 1

    kebeck@bernsteinlaw.com, jbluemle@bernsteinlaw.com;kebeck@ecf.courtdrive.com

MARIO J. HANYON
    on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION ET. AL. wbecf@brockandscott.com, mario.hanyon@brockandscott.com

STEPHEN MCCOY OTTO
    on behalf of Debtor Joseph P. Kennedy steve@sottolaw.com jovan@cornerstonelaw.us,daniel@cornerstonelaw.us,CornerstoneLawFirmLLC@jubileebk.net,no_reply@ecf.inforuptcy.com

THOMAS SONG
    on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION ET. AL. tomysong0@gmail.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
|    JOSEPH P. KENNEDY, | : | Chapter 13 |
| | : | Case No.: 18-16107-MDC |
|    Debtor. | : | |

## ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY

**AND NOW,** upon consideration of the Motion for Authority to Sell Real Property filed by the debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that the debtor is granted permission to sell their real property located at 3 Whisper Lane, Malvern, Chester County, PA 19335 ("Property"), for the sale price of $2,150,000.00 pursuant to the terms of a certain real estate agreement of sale dated as of July 15, 2023, to the buyer thereunder, Thomas A. Larrapino, III ("Buyer").

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the approximate following manner (note that the figures described below are estimates only; this Order authorizes settlement to proceed in the ordinary course with all fees and costs typically required at such a closing hereby authorized to be paid by the Title Clerk and/or Settlement Agent, with singular exception that the final HUD1 shall be subject to Trustee approval prior to any disbursement as described below in the instant Order):

| | | |
|---|---|---|
| 1. | Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters | $ 24,000.00 |
| 2. | Liens paid at closing- | $ 1,014,000.00 |
| 3. | Real estate taxes, sewer, trash and/or other such items | $ 39,000.00 |
| 4. | Property repairs, if any | $ 0 |
| 5. | Real estate commission, at no greater than 6% | $ 107,500.00 |
| 6. | Attorney's fees, if any | $ 0 |
| 7. | Other - Seller Assist | $ 0 |
| | **Estimated total costs:** | **$ 1,184,000.00** |
| | **Estimated net proceeds:** | **$965,500.00** |

This Order is contingent upon any mortgage lien(s) being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date; or any short payoff shall be approved by mortgagee; and Debtor shall have sixty (60) days from entry of this Order to sell the Property.

From the proceeds of sale, the Settlement Agent shall remit the sum of **$20,000.00** to Kenneth E. West, Standing Chapter 13 Trustee.  Any further distribution by the Chapter 13 Trustee shall be made pursuant to a modified Chapter 13 Plan to be filed within ten (10) days following the entry of the instant Order.

The balance of the sale proceeds shall be paid directly to sellers, Joseph P. Kennedy and Lisa Ferrie-Kennedy.

The title clerk shall email a completed HUD-1 or settlement sheet from the closing directly to settlementsheet@ph13trustee.com immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.  Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.  Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.

**Additional terms:**

1. Should more than sixty (60) days pass from the date of the entry of the instant Order without settlement, the authorization extended by the instant Order shall expire and settlement shall no longer be authorized by the Court.  Debtor shall be required to file a new Motion seeking authorization to sell with updated terms of sale.  Partial settlements or payoffs will not constitute "settlement" for the purpose of the instant Order.  All lienholders must receive the full amounts of described by their respective payoff statements in order for "settlement" to occur.

2. Regarding mortgage lien serviced by Specialized Loan Servicing LLC ("SLS"):

   a. SLS shall provide to the settlement agent an accurate and timely payoff for their mortgage interest within 24 (twenty-four) hours following the entry of the instant Order.

   b. The mortgage lien serviced by SLS shall be paid in full in accordance with the payoff provided by SLS; the payoff provided by SLS and used by the settlement agent to determine the amount of the payoff shall be a timely payoff statement.  Should the provided payoff statement be found to not be timely or should it be found to have expired prior to settlement, the settlement agent shall be responsible for requesting an accurate, timely payoff statement.

   c. No settlement shall be permitted to occur unless the mortgage lien serviced by SLS is paid in full at closing pursuant to a timely payoff statement provided by SLS.

3. Regarding mortgage lien(s) in favor of Wells Fargo ("Creditor"):

   a. Settlement agent shall obtain current payoff quotes from Creditor to ensure the full amount of Creditor's liens are paid.  Settlement agent shall contact Creditor the day of closing to ensure the payoff amounts are valid and correct.

   b. Settlement agent shall request a payoff from Creditor no sooner than seven (7) days prior to settlement.

    c. Sale shall not close unless Creditor receives the full payoff amount for its lien.

    d. Provided the above terms are met, the sale may occur at any time.

    e. Payoff funds shall be received by Creditor no more than sixty (60) from the date the order is entered.

4. The settlement agent shall insure that a proper and timely payoff quotes are used to determine the full and final amount due to the mortgage creditors.

BY THE COURT:

Dated: August 2nd, 2023

HONORABLE MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE