**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:<br>**JOSEPH P. KENNEDY,**<br>　　　　　　　　　　Debtor. | **Chapter 13 Bankruptcy**<br><br>**Bankruptcy No. 18-16107-MDC** |

**AMENDED ORDER GRANTING DEBTOR'S**
**MOTION FOR AUTHORITY TO SELL REAL PROPERTY**

　　**AND NOW,** upon consideration of the Motion for Authority to Sell Real Property filed by the debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

　　**ORDERED,** that the debtor is granted permission to sell their real property located at 3 Whisper Lane, Malvern, Chester County, PA 19335 ("Property"), for the sale price of $1,667,500.00 pursuant to the terms of a certain real estate agreement of sale dated as of January 27, 2024, to the buyers thereunder, Joshua Julian and Jennifer Hauler Julian ("Buyers").

　　The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the approximate following manner:

| | | |
|---|---|---|
| 1. | Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters | $95,761.40 |
| 2. | Liens paid at closing- | $845,736.80 |
| 3. | Real estate taxes, sewer, trash and/or other such items | $62,074.71 |
| 4. | Property repairs, if any | $0.00 |
| 5. | Real estate commission, at no greater than 6% | $83,375.00 |
| 6. | Attorney's fees, if any | $0.00 |
| 7. | Other - Seller Assist | $76,375.00 |
| | **Estimated total costs:** | **$1,163,322.92** |
| | **Estimated net proceeds:** | **$504,177.08** |

   This Order is contingent upon any mortgage lien(s) being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date; or any short payoff shall be approved by mortgagee; and Debtor shall have ninety (90) days from entry of this Order to sell the Property.

   <u>From the proceeds of sale, Settlement Agent shall remit the sum of **$38,760.00** to Kenneth E. West, Standing Chapter 13 Trustee</u>.  Any further distribution by the Chapter 13 Trustee shall be made pursuant to a modified Chapter 13 Plan to be filed within ten (10) days following the final settlement of the real estate sale.

   The balance of the sale proceeds shall e paid directly to Sellers, Joseph P. Kennedy and Lisa Ferrie-Kennedy.

   The title clerk shall email a completed HUD-1 or settlement sheet from the closing directly to settlementsheet@ph13trustee.com immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier. Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.

**<u>Additional Terms:</u>**

1. Regarding mortgage lien serviced by Specialized Loan Servicing LLC ("SLS"):

   a. SLS shall provide to the settlement agent an accurate and timely payoff for their mortgage interest within 24 (twenty-four) hours following the entry of the instant Order.

   b. The mortgage lien serviced by SLS shall be paid in full in accordance with the payoff provided by SLS; the payoff provided by SLS and used by the settlement agent to determine the amount of the payoff shall be a timely payoff statement.  Should the provided payoff statement be found to not be timely or should it be found to have expired prior to settlement, the settlement agent shall be responsible for requesting an accurate, timely payoff statement.

2. Regarding mortgage lien(s) in favor of Wells Fargo ("Wells Fargo"):

   a. Settlement agent shall obtain current payoff quotes from Creditor to ensure the full amount of Creditor's liens are paid.  Settlement agent shall contact Creditor the day of closing to ensure the payoff amount is valid and correct.

   b. The authorized sale may not occur unless Creditor receives the full payoff amount for its lien recorded in the Chester County Recorder of Deeds Office on October 18, 2005, at Document Identification Number 10586974 (the "Lien").

3. Partial settlements or payoffs will not constitute "settlement" for the purpose of the instant Order.  All lienholders must receive the full amounts of described by their respective payoff statements in order for "settlement" to occur.

      4.      The settlement agent shall insure that a proper and timely payoff quotes are used to determine the full and final amount due to the mortgage creditors.

Dated:_____

                                                   HONORABLE MAGDELINE D. COLEMAN
                                                 CHIEF U.S. BANKRUPTCY JUDGE